UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00078-FDW

| | |
|---|---|
| ABDO BYRD, )<br>(*aka Abdo Byrd Bey-El*) )<br> )<br>    Petitioner, )<br> )<br>vs. )<br> )<br>ERIK A. HOOKS, )<br> )<br>    Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Abdo Byrd's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and Omnibus Motion (Doc. No. 10). Also before the Court is Respondent's Motion for Summary Judgment (Doc. No. 5).

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on May 9, 2016, pled guilty in Catawba County Superior Court to assault with a deadly weapon inflicting serious injury (AWDWISI) and attaining habitual felon status. (§ 2254 Pet. 1, Doc. No. 1.) The trial court sentenced him to 74-101 months imprisonment. (§ 2254 Pet. 1.) Petitioner did not file a direct appeal. (§ 2254 Pet. 2.)

On 8 February 2017, Petitioner filed a pro se motion for appropriate relief ("MAR") in the Superior Court of Catawba County. (§ 2254 Pet. 3.) On March 14, 2017, the MAR court filed an order instructing the clerk to correct certain clerical errors in the judgment and commitment form, but otherwise denying the MAR. (Order Den. MAR, Amend J., Resp't's Exhibit 7, Doc. No. 6-8.) Also on March 14, 2017, the court entered an amended judgment and

1

commitment form correcting clerical errors, but not changing Petitioner's convictions or length of sentence. (Amended J., Resp't's Exhibit 8, Doc. No. 6-9.) Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals seeking review of the MAR court's orders; it was denied on April 20, 2017. (Order Den. Cert. Pet., Resp't's Ex. 11, Doc. No. 6-12.)

Petitioner filed the instant federal habeas Petition in this Court on May 2, 2017. Respondent has filed a Motion for Summary Judgment, and Petitioner has responded (Doc. No. 9). Petitioner also has filed an Omnibus Motion, seeking leave to conduct discovery, an evidentiary hearing in this court, bail, and summary-default judgment (Doc. No. 10), all of which Respondent opposes (Doc. No. 8).

## II. STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

## III. DISCUSSION

The habeas Petition cites at least eleven grounds for relief, many of which rely on the same allegations of fact or contain overlapping legal issues. Almost all of Petitioner's grounds for relief rely, in whole or in part, on his assertion that there was no probable cause for his arrest. Accordingly, to avoid as much repetition as possible, the Court will address that issue first.

### A. PROBABLE CAUSE ISSUE

Despite the number of claims raised, the Petition is almost completely devoid of factual allegations. As best as the Court can understand from the Petition and the Response to the Motion for Summary Judgment, Petitioner challenges the validity of his arrest, his indictments, jurisdiction of the trial court, and the voluntariness of his guilty plea because no probable cause affidavit was attached to the arrest warrant(s) or the indictments, and he has never been provided a copy of a probable cause affidavit or been "shown any factual findings to support probable cause for the issuance of the order for arrest." (§ 2254 Pet. 7.)

**1. Arrest**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In cases involving a seizure, the standard of "reasonableness" typically is satisfied by a showing that the police had probable cause to conclude that the individual seized was involved in criminal activity. Dunaway v. New York, 442 U.S. 200, 213–14 (1979). This standard of probable cause constitutes "the minimum justification necessary to make the kind of intrusion involved in an arrest 'reasonable' under the Fourth Amendment." Id. at 208.

The Court notes Petitioner does not assert he was arrested without a warrant. His claim that there was no probable cause for arrest rests on his allegation that there was no probable cause affidavit attached to the warrant. However, probable cause for an arrest may exist regardless of whether the information demonstrating the existence of probable cause is supplied by an affidavit. In fact, there is no requirement under North Carolina law that an arrest warrant

3

may be issued only upon sufficient information of probable clause supplied by an affidavit. "A judicial official may issue a warrant for arrest . . . when he is supplied with sufficient information, supported by oath or affirmation, . . . that there is probable cause to believe that a crime has been committed and that the person to be arrested committed it." N.C. Gen. Stat. § 15A-304(d). The information must be shown by affidavit *or* oral testimony under oath or affirmation before the issuing official. Id.

Regardless, in Stone v. Powell, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 481–82 (1976). Petitioner could have litigated his Fourth Amendment claim prior to entering his guilty plea and, subsequently, on direct appeal in the state courts. Because he did not do so, he is not entitled to habeas review of his Fourth Amendment claim that his arrest was not supported by probable cause. See id.

**2. Indictments**

Petitioner's claim with respect to his indictments for AWDWISI and attaining habitual felon status appears to be: they are invalid because they fail to include any affidavit, Grand Jury transcript, or other statement of facts showing probable cause. (§ 2254 Pet. 16-17). Petitioner misunderstands the function of an indictment in a state criminal case.

As an initial matter, there is no federal constitutional requirement that an indictment be issued in a state criminal proceeding. See Alexander v. Louisiana, 405 U.S. 625, 633 (1973) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury.").

All that is constitutionally required is that the defendant receive adequate notice of the charges in order to allow him to prepare a defense. See Russell v. United States, 369 U.S. 749 (1962); Cole v. Arkansas, 333 U.S. 196, 201 (1948); Hartman v. Lee, 283 F.3d 190, 195 n. 5 (4th Cir .2002).

Under North Carolina law, "an indictment is not facially invalid as long as it notifies an accused of the charges against him sufficiently to allow him to prepare an adequate defense and to protect him from double jeopardy." State v. Haddock, 664 S.E.2d 339, 342 (N.C. Ct. App. 2008). However, an indictment is fatally deficient when it fails on its face to allege "all of the essential elements of the offense." State v. Snyder, 468 S.E.2d 221, 224 (N.C. 1996).

Here, Petitioner does not assert that either indictment fails to allege all of the essential elements of the crimes charged. Accordingly, he has failed to state a claim for relief under § 2254. See § 2254 (a) (habeas corpus relief for person in custody pursuant to a state court judgment available only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States).

**3. Jurisdiction**

Petitioner claims the trial court did not have subject-matter jurisdiction to accept a guilty plea due to Petitioner's "due process violated." (§ 2254 Pet. 17). Again, this claim is connected to Petitioner's claims regarding his arrest and indictments.

Whether the trial court had jurisdiction to accept Petitioner's guilty plea to violating two state criminal statutes is a matter of state law. Wright v. Angelone, 151 F.3d 151, 157–58 (4th Cir.1998) (holding the petitioner's claim that state trial court lacked jurisdiction over defective indictments was not cognizable on federal habeas review). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). "[A] federal court is limited to deciding whether a

5

conviction violated the Constitution, laws, or treaties of the United States." Id. Because Petitioner's claim is governed by state law, it is not cognizable on federal habeas review and must be dismissed. See id.

Petitioner also claims the trial court did not have personal jurisdiction over him because it did not make findings of fact showing Petitioner is a "corporation" and "slave property." (§ 2254 Pet. 18). As just noted, whether the trial court had jurisdiction to accept Petitioner's guilty plea to violating two state criminal statutes is a matter of state law. See Wright, 151 F.3d 151 at 157–58; see also United States v. White, 480 F. App'x 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ."). Because Petitioner's claim is governed by state law, it is not cognizable on federal habeas review and must be dismissed. See Estelle, 502 U.S. at 67–68.

### B. VOLUNTARINESS OF GUILTY PLEA

Petitioner asserts that "d[ue] to a lack of complaint/affidavit [he] has been unconscious to the nature of the charges which led up to the framed up offenses/crimes charged," and claims his guilty plea was, therefore, unknowing, involuntary and unintelligent. (§ 2254 Pet. 17). Petitioner's claim appears to be that he was never informed of the facts underlying the charged offenses before his guilty plea so that he could make an informed decision about the plea.

According to Respondent, Petitioner raised the substance of this claim in his MAR, and the MAR court denied the claim on its merits. Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), as construed by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 374-91 (2000), this Court may grant habeas relief on a claim of constitutional error only if the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). To obtain relief, the state prisoner "is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (per curium) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2015)).

The Constitution requires that a defendant entering a guilty plea must do so knowingly, voluntarily, and intelligently. Brady v. United States, 397 U.S. 742, 748 (1970). A defendant enters a guilty plea intelligently when he is "advised by competent counsel, . . . made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Id. at 756. A guilty plea is voluntary if "entered by one fully aware of the direct consequences" of the plea. Id. at 755 (citation and quotation omitted).

Petitioner's assertion that he was never informed of the factual basis for the charges against him is belied by the state court record. Petitioner swore under oath in open court that his lawyer explained the nature of the charges, each element of each charge, discussed possible defenses and that he was satisfied with his lawyer's legal services. (Tr. of Plea, Resp't's Ex. 1, Doc. No. 6-2). Petitioner swore that he was in fact guilty of each charge. (Tr. of Plea.) He also swore there were facts to support his plea. (Tr. of Plea ¶ 25.) Absent compelling circumstances not shown here, Petitioner is bound by his sworn representations contained in his transcript of plea. See Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984) (Absent clear and convincing evidence to the contrary, a defendant is bound by what he said at the time of guilty plea.).

7

Additionally, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which he pled guilty. (Tr. of Plea 3.) The trial judge specifically found as fact that: there was a factual basis for the entry of the plea, Petitioner was satisfied with his lawyer's legal services, Petitioner was competent to stand trial, and the plea was an informed choice made freely, voluntarily, and understandingly. (Tr. of Plea 4.) The trial judge's findings in accepting the plea, are supported by Petitioner's responses during the plea colloquy and are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). Moreover, "representations of the defendant, his lawyer, and the prosecutor at such a [guilty plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

For the reasons stated herein, Petitioner has not demonstrated that the MAR court's rejection of his involuntary plea claim was either contrary to or an unreasonable application of clearly established federal law. See § 2254(d). He has not shown the decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

### C. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims trial counsel rendered ineffective assistance by failing to: investigate whether Petitioner's arrest was illegal, unreasonable, or without probable cause; file motions to dismiss, suppress, or quash based on Fourth Amendment violations; or inform Petitioner of the nature of the charges and discuss possible defenses. (§ 2254 Pet. 16). To prove a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a conviction following a guilty plea, a

petitioner can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012) (citation and internal quotation marks omitted).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Petitioner cites no facts to support his ineffective assistance of counsel claim. His assertion that he was never provided a statement or affidavit of probable cause in connection with the arrest warrant is not evidence that counsel was ineffective. To demonstrate ineffectiveness, he must, at a minimum, state facts indicating why there was no probable cause to arrest him. Here, Petitioner does not even identify the charge for which he was arrested or provide any other details of the alleged offense. In fact, he provides no details about either of the offenses to which he pled guilty. Nor does he assert that he would have insisted on going to trial but for counsel's alleged errors. Finally, as explained previously, his allegation that trial counsel failed to explain the nature of the charges against him or discuss possible defenses is contradicted by Petitioner's transcript of plea, which shows Petitioner swore under oath that his lawyer explained the nature of the charges, each element of each charge, discussed possible defenses and that he was satisfied with his lawyer's legal services. (Tr. of Plea, Resp't's Ex. 1.)

For the reasons stated herein, Petitioner has not demonstrated that the MAR court's rejection of his ineffective assistance of counsel claim was either contrary to or an unreasonable application of clearly established federal law. See § 2254(d). He has not shown the decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. ,

9

Doc. No. 6-2).

### D. PRE-PLEA CLAIMS

Petitioner claims that the magistrate judge failed to inform him of the nature of the charges and cause of the accusations against him. (§ 2254 Pet. 10.) To the extent Petitioner raises a claim of a constitutional violation, he has waived that claim on federal habeas review by entering a knowing, voluntary, and counseled guilty plea. See Tollett v. Henderson, 411 U.S. 258 (1973) (knowing, voluntary, counseled guilty plea waives allegations of antecedent violations of non-jurisdictional constitutional rights).

Petitioner also claims he was not advised of his right to counsel and to "communicate with friends;" " 'silent record' of waiver of counsel at 'initial appearance.'" (§ 2254 Pet. 8.) These cryptic allegations are insufficient to state grounds for § 2254 relief. See § 2254 Rules, Rule 2(c); 28 U.S.C.A. foll. § 2254. Petitioner also cites no facts to support whatever grounds for relief he is trying to raise, which also violates Rule 2 of the Rules Governing Section 2254 Cases. See id. Without an identifiable claim for relief or any supporting facts to review, the Court is unable to assess whether Petitioner is entitled to relief.

### E. CRUEL AND UNUSUAL PUNISHMENT; INVOLUNTARY SERVITUDE

Petitioner claims his arrest and pretrial detention at the Catawba County Detention Center amounted to cruel and unusual punishment because he was arrested without probable cause. He also claims that his post-conviction incarceration amounts to involuntary servitude because it was made without probable cause. (§ 2254 Pet. 16.)

Relief under § 2254 is available only to a petitioner in custody pursuant to a state court *judgment*. § 2254 (a). Petitioner's pretrial detention at the Catawba County Detention Center was pursuant to an arrest, not a state court judgment. Accordingly, Petitioner may not obtain

10

relief under § 2254 for his claim of cruel and unusual punishment.

Petitioner's involuntary servitude claim is frivolous on its face. Petitioner's incarceration is a result of his guilty plea to AWDWISI and attaining habitual felon status, in which Petitioner swore under oath that he was in fact guilty of each charge and that there were facts to support his plea. (Tr. of Plea.) Consequently, Petitioner has not demonstrated that the MAR court's rejection of his claim was either contrary to or an unreasonable application of clearly established federal law. See § 2254(d). He has not shown the decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

### F. STATE LAW CLAIM

Petitioner claims he was denied due process because certain court documents were filed in his case without being time-stamped by the clerk of court. (§ 2254 Pet. 17.) The process by which documents are filed and kept in state criminal cases is a matter of state law. See N.C. Gen. Stat. §§ 7a-106, 7a-109, 109.2. There is no constitutional requirement that court filings bear a clerk of court time stamp. Accordingly, to the extent Petitioner is claiming a due process violation based upon some failure of the clerk of court to comply with state law, his claim is not cognizable on federal habeas review. See Estelle, 502 U.S. at 67–68 ("[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

To the extent Petitioner's claim is that the lack of a time stamp deprived him of due process, his claim is conclusory. He alleges no facts to support his due process claim other than that the documents filed had no time stamp. As explained above, however, there is no constitutional requirement that state criminal court filings bear a time stamp. Therefore, to

comply with Rule 2(c) and to demonstrate that he may be entitled to relief, Petitioner must state facts that show how the lack of a time stamp deprived him of his right to due process.

Because he has failed to allege any facts supporting his due process claim, Petitioner's claim does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases. See § 2254 Rules, Rule 2(c); 28 U.S.C.A. foll. § 2254. Additionally, Petitioner cannot demonstrate that the MAR court's rejection of his claim was either contrary to or an unreasonable application of clearly established federal law. See § 2254(d). He has not shown the decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

### G. CLAIMS OF ERROR IN POST-CONVICTION

Petitioner claims the judge who adjudicated his MAR, failed to make findings of fact and conclusions of law regarding the claims raised in the MAR and that he was denied a hearing on his claims. He also claims the State continues to violate its obligations under Brady v. Maryland, 373 U.S. 83 (1963) by failing to provide him a copy of the arrest warrant affidavit. (§ 2254 Pet. 19.) These claims are not cognizable on federal habeas review.

As noted previously, in order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted) (emphasis omitted). This is because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the

assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing Bryant, 848 F.2d at 493; Bell–Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006))).  Accordingly, Petitioner's claims of error during state post-conviction proceedings fails to provide a cognizable basis for federal habeas corpus relief.

Furthermore, "Brady only protects a defendant '*before trial*'" and nothing in Supreme Court precedent "suggest[s] that [Brady's] disclosure obligation continue[s] after the defendant [is] convicted and the case [is] closed.'"  Watkins v. Rubenstein, 802 F.3d 637, 642 (4th Cir. 2015) (quoting District Att'y's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 68–69 (2009) (emphasis added)).  Therefore, Petitioner's claim of a continuing Brady violation fails to provide a cognizable basis for federal habeas corpus relief.

**IV.     OMNIBUS MOTION**

In his Omnibus Motion, Petitioner seeks leave to conduct discovery, an evidentiary hearing in this court, bail, and summary-default judgment.  (Doc. No. 10.)  Petitioner is not entitled to default judgment, as Respondent has complied with all orders of the Court. Additionally, because Petitioner is in the custody of the State of North Carolina, this Court does not have jurisdiction or authority to conduct a bail hearing for Petitioner.

As for Petitioner's requests for discovery, unlike a traditional civil litigant, a habeas petitioner is not entitled to discovery as a matter of course.  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  In a § 2254 action, a petitioner may engage in discovery only with leave of the court, after having demonstrated good cause for the discovery he requests.  Rules Governing § 2254 Cases, Rule 6(a); 28 U.S.C. § 2254 foll.  "Good cause" for discovery exists when "a petition for habeas corpus . . . establishes a prima facie case for relief[.]"  Harris v. Nelson, 394 U.S. 286,

290 (1969). Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (quoting Harris, 394 U.S. at 300) (internal quotation marks omitted); see also Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998) (observing that Bracy approved the Harris standard). Because Petitioner has not made a prima facie case for relief on any of his constitutional claims, he has not shown good cause for discovery. See Harris, 394 U.S. at 290. Nor has he shown valid grounds for the Court to hold an evidentiary hearing. Petitioner's Omnibus Motion shall be denied.

## V. CONCLUSION

Petitioner has failed to show he is entitled habeas relief pursuant to 28 U.S.C. § 2254(d). Accordingly, his habeas Petition shall be denied, and summary judgment shall be granted to Respondent.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**;

2. Respondent's Motion for Summary Judgment (Doc. No. 5) is **GRANTED**;

3. Petitioner's Omnibus Motion (Doc. No. 10) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel,

529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 29, 2018

Frank D. Whitney
Chief United States District Judge